**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KEVIN D. MARSHALL,
Plaintiff-Appellant,

v.                                                                      No. 97-1516

HOME DEPOT U.S.A., INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-96-194-5-BR, CA-96-608-5-BR)

Submitted: September 30, 1998

Decided: October 20, 1998

Before MURNAGHAN, ERVIN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mitchell Gittin, Port Jefferson Station, New York; Gregory P. Chock-
lett, Raleigh, North Carolina, for Appellant. John F. Wymer, III, Sam-
uel M. Matchett, POWELL, GOLDSTEIN, FRAZER & MURPHY,
L.L.P., Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kevin D. Marshall appeals the district court's judgment granting summary judgment to Home Depot U.S.A., Inc. ("Home Depot") and dismissing his employment discrimination complaint. Marshall contends the court erred by not specifying the basis for dismissing his complaint. He also contends there were genuine issues of material fact regarding his failure to promote claim and hostile work environment claim. Finding no reversible error, we affirm.

Marshall, a black male, began working for Home Depot in 1985 in one of its Florida retail locations. In 1989, he was transferred to a store in Patchogue, New York, where he was a supervisor. In 1990, he was transferred to the East Meadow, New York store and became a department supervisor. He was soon promoted to Assistant Manager Trainee and then Assistant Store Manager at which time he was transferred to a store in Commack, New York.

While an Assistant Manager Trainee, a female employee lodged an internal complaint against him alleging sexual harassment. After an investigation by Home Depot, Marshall was warned that any other similar complaint would result in his termination.

In 1992, Marshall transferred to the Farmingdale, New York store. It was at this store that Marshall alleged he was subjected to a hostile work environment. Marshall worked at this store for thirteen months before being transferred to another New York location. In 1994, Marshall transferred to a Home Depot in Cary, North Carolina.

Meanwhile, in April 1994, Marshall filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and New York State in which he alleged that he was not promoted to Store Manager because of his race.

While Marshall was employed at the Cary, North Carolina Home Depot, a female store employee complained that he had engaged in sexual harassment. In October 1994, after an investigation corroborated much of the details in the complaint, Marshall was terminated.

Shortly after his termination, Marshall filed another EEOC complaint. In this complaint, Marshall alleged he was terminated due to his race and in retaliation for having filed the prior EEOC complaint.

In March 1995, Marshall filed a complaint in the Eastern District of New York under Title VII, 42 U.S.C.A. §§ 2000e-2000e-17 (West 1994 & Supp. 1998) ("Title VII") and New York State Human Rights Law, N.Y. Exec. Law § 296 (McKinney 1997), alleging that he was subjected to a hostile work environment and denied promotional opportunities at the New York stores because of his race.

In March 1996, Marshall filed a complaint in the Eastern District of North Carolina under Title VII and the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 (1996), in which he alleged that he was terminated due to his race and in retaliation for having filed the EEOC complaint in New York. The complaint filed in the Eastern District of New York was consolidated with the complaint filed in the Eastern District of North Carolina.

After discovery, Home Depot moved for summary judgment. Marshall did not file an opposition to the motion. The district court found that "[u]nder full review of the pleadings, affidavits, discovery materials and other matters of record the Court concludes that there are no genuine issues of material fact with regard to any of the claims in either of the consolidated cases and that defendant is entitled to summary judgment." (J.A. at 141).

On appeal, Marshall contends that remand is warranted for the purpose of ordering the district court to set forth the reasons for its finding that there was an absence of material issue of fact. This Court reviews de novo a district court's grant of summary judgment. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). Because we undertake the same review of the facts and apply the same legal standards used by the district court, see Gillins v. Berkeley Elec. Co-op., Inc., 148 F.3d 413, 415 (4th Cir. 1998), it is not necessary to have before us the district court's specific findings of fact or conclusions of law. See Summers v. Department of Justice, 140 F.3d 1077, 1079 (D.C. Cir. 1998). Under Fed. R. Civ. P. 52(a), "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 . . . ." Such information may indeed be

3

helpful to a reviewing court, but in this instance, not essential. <u>See</u> <u>Domegan v. Fair</u>, 859 F.2d 1059, 1066 (1st Cir. 1988).

Even though Marshall did not respond to the summary judgment motion, the motion may only be granted if Home Depot shows the absence of a dispute over a material fact and that it is entitled to judgment as a matter of law. <u>See Custer v. Pan Am. Life Ins. Co.</u>, 12 F.3d 410, 416 (4th Cir. 1993). Marshall contends that summary judgment was inappropriate on his failure to promote claim and hostile work environment claim.* We will take each in turn.

Marshall's failure to promote claim is time-barred. Marshall must have filed a complaint with the EEOC within 180 days of the incident, or within 300 days of the incident if state or local proceedings are initiated. <u>See</u> 42 U.S.C. § 2000e-5(e)(1) (1994); <u>Beall v. Abbott</u> <u>Lab.</u>, 130 F.3d 614, 620 (4th Cir. 1997). The failure to file a timely complaint with the EEOC bars the claim in federal court. <u>See</u> <u>McCullough v. Branch Banking & Trust Co.</u>, 35 F.3d 127, 131 (4th Cir. 1994).

The statute of limitations period commenced to run when the Home Depot made the challenged promotions. <u>See Price v. Litton Bus. Sys.,</u> <u>Inc.</u>, 694 F.2d 963, 965 (4th Cir. 1982) (the filing period runs from the time at which the employee is informed of the allegedly discriminatory employment decision). By Marshall's own admissions, the alleged wrongful promotions occurred in 1992, more than 300 days before he filed his April 1994 EEOC complaint. <u>See Butts v. City of</u> <u>New York Dep't of Hous. Preservation & Dev.</u>, 990 F.2d 1397, 1401 (2d Cir. 1993) (failure to promote claims time-barred because EEOC complaint not filed within 300 days of the promotion). Marshall cannot point to any promotion that occurred within 300 days of filing the EEOC complaint. Nor does he offer any reason to toll the limitations period. Thus, we find the summary judgment was appropriately granted on this claim.

_____

*Marshall does not challenge the court's decision dismissing his wrongful termination claim. Accordingly, we deem the claim abandoned. <u>See 11126 Baltimore Blvd., Inc. v. Prince George's County</u>, 58 F.3d 988, 993 n.7 (4th Cir. 1995) (issues not briefed or argued are deemed abandoned).

4

Likewise, Marshall's hostile work environment claim is foreclosed. Marshall never raised this claim in either of his two EEOC complaints. When claims "raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." See Dennis v. County of Fairfax, 55 F.3d 151, 156-57 (4th Cir. 1995); see also Davis v. North Carolina Dep't of Correction, 48 F.3d 134, 137 (4th Cir. 1995) ("Before a federal court may assume jurisdiction over a claim under Title VII, however, a claimant must exhaust the administrative procedures.").

Thus, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5